# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

LISA DOUCETTE,

    PLAINTIFF,

v.                      CIVIL ACTION NO.:

BLUE WIND
TECHNOLOGY, LLC,

    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Lisa Doucette, (hereinafter referred to as the "Plaintiff" or "Doucette"), by and through his undersigned attorney, sues the defendant, Blue Wind Technology, LLC (hereinafter referred to as the "Defendant" or "Blue Wind"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. Plaintiff brings this action to remedy discrimination on the basis of gender, age, race, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, 42 U.S.C. § 1981, and Age Discrimination in Employment Act of 1967 (ADEA).

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

1

§2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202230180) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100697 on July 6, 2021. The FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was received on March 21, 2022.

## *PARTIES*

7. Plaintiff is an African American female and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida.

8. Defendant, Blue Wind Technology, LLC is a composites design and manufacturing company with its efforts primarily focused on design and construction of wind power turbines and other equipment. Defendant is licensed to do and doing business in the State of Florida.

## *FACTS*

9. Plaintiff is a fifty-one (51) year old African American female.

10. Plaintiff began her employment with Defendant on March 2, 2020, as a Foam Tech/CNC operator.

11. Plaintiff was based out of the Defendant's Pensacola, Florida location.

12. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

13. During her employment with Defendant, Plaintiff was harassed by a co-worker, William (Caucasian male), that worked alongside her in the foam department.

14. He would make inappropriate to and about Plaintiff because of her gender and age.

15. Plaintiff reported William three (3) different times to her supervisor, Jonas (Caucasian male).

16. Jonas would only separate him, and then by the end of the shift, he would be back working with Plaintiff, harassing her even more because of her having reported him to Jonas.

17. The harassment continued to the point that Plaintiff asked Jonas if she could move to a different area.

18. There was a position at the material table and Plaintiff asked Jonas, again, to be moved and again he said no.

19. Plaintiff asked if she could train the next new person that was hired on to take her position so she could go to a different department and Jonas again told her no.

20. On May 25, 2021, Plaintiff got sick and passed out at work and had to go to the emergency room.

21. While at the emergency room, Plaintiff got checked by physician, was released, and cleared to return to work after two (2) days.

22. Plaintiff provided Defendant the doctor's note where it stated that Plaintiff was cleared to return to work after two (2) days.

23. Regarding employee attendance policy, Defendant held a meeting to let everyone know to call or text the supervisor if they were going to be late or absent.

24. Plaintiff specifically asked her supervisor if Defendant was using the

points system. He informed her no, due to a lot of employees calling in, being late, and quitting the job.

26. When Plaintiff returned to work on May 27, 2021, she was told by a co-worker that she had been replaced by a younger white male.

26. Plaintiff had never called out sick before without having a doctor's note and had not called out sick in the last five (5) months prior to her termination.

27. Plaintiff was told she was being terminated for calling out sick too many times and that Defendant needed someone more reliable.

28. Defendant allowed several younger white male employees to call out regularly without being terminated. Defendant also paid them more when they worked for the company less than Plaintiff.

29. Plaintiff was subjected to disparate treatment and different terms and conditions of her employment and was held to a different standard because of her gender, age and race and was retaliated against for opposing and reporting the unlawful discrimination and activates of Defendant.

### FIRST CAUSE OF ACTION
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 of this complaint with the same force and effect as if set forth herein.

31. Defendant has discriminated against Plaintiff in the terms and

conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

32. Plaintiff is an African American female.

33. Plaintiff was more than qualified for the position of Foam Tech/CNC operator and performed the duties and responsibilities in a more than satisfactory manner.

34. Plaintiff's employment with Defendant was terminated on May 27, 2021.

35. Plaintiff was consistently treated less favorably than her Caucasian co-workers.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
*(RACE RETALIATION/HOSTILE WORK ENVIRONMENT- 42 U.S.C. § 1981)*

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 of this complaint with the same force and effect as if set forth herein.

38. Defendant has retaliated against Plaintiff in the terms and conditions of her employment on the basis of his race in violation of 42 U.S.C. § 1981.

39. Plaintiff is an African American female.

40. Plaintiff was more than qualified for the position of Foam Tech/CNC operator and performed the duties and responsibilities in a more than satisfactory manner.

41. Plaintiff's employment with Defendant was terminated on May 27, 2021.

42. Plaintiff was consistently treated less favorably than her Caucasian co-workers.

43. In the weeks prior to Plaintiff's termination, she filed formal complaints with Defendant which outlined the discrimination and harassment she was being subjected to.

44. On May 27, 2021, only weeks after having reported the racial discrimination to Defendant, Plaintiff's employment with Defendant was terminated.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

*THIRD CAUSE OF ACTION*
*(Race Discrimination-– Title VII)*

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 of this complaint with the same force and effect as if set forth herein.

47. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

48. Plaintiff is an African American female.

49. Plaintiff was more than qualified for the position of Foam Tech/CNC operator and performed the duties and responsibilities in a more than satisfactory manner.

50. Plaintiff's employment with Defendant was terminated on May 27, 2021 and replaced by Caucasian employee.

51. Plaintiff was consistently treated less favorably than her Caucasian co-workers.

52. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
*(RACE RETALIATION/HOSTILE WORK ENVIRONMENT - TITLE VII)*

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 of this complaint with the same force and effect as if set forth herein.

54. Defendant has retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

55. Plaintiff is an African American female.

56. Plaintiff was more than qualified for the position of Foam Tech/CNC operator and performed the duties and responsibilities in a more than satisfactory manner.

57. Plaintiff's employment with Defendant was terminated on May 27, 2021.

58. Plaintiff was consistently treated less favorably than her Caucasian co-workers.

59. In the weeks prior to Plaintiff's termination, she filed formal complaints with Defendant which outlined the discrimination and harassment she was being subjected to.

60. On May 27, 2021, only weeks after having reported the racial discrimination to Defendant, Plaintiff's employment with Defendant was terminated and replaced by a Caucasian employee.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION
*Age Discrimination in Employment Act ("ADEA")*

62. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 of this complaint with the same force and effect as if set forth herein.

63. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

64. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

65. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than twenty (20) employees.

66. Plaintiff is a fifty-one (51) year old female.

67. Throughout Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

68. At the time of her termination, Plaintiff was the oldest (51), most senior and experienced Foam Tech/CNC operator.

69. Plaintiff was replaced by a younger less qualified individual.

70. Defendant violated the Age Discrimination in Employment Act (ADEA), by terminating Plaintiff's employment because of her age.

71. As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate

against Plaintiff because of her age and therefore Plaintiff is entitled to liquidated damages.

72. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and is entitled to recovery of reasonable attorney's fees and costs pursuant to Age Discrimination in Employment Act (ADEA).

73. Plaintiff further requests and is entitled to any and all other relief permitted under the Age Discrimination in Employment Act (ADEA), including equitable relief.

SIXTH CAUSE OF ACTION
*Retaliation - Age Discrimination in Employment Act ("ADEA")*

74. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 29 of this complaint with the same force and effect as if set forth herein.

75. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

76. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Age Discrimination in Employment Act of 1967 (ADEA).

77. At all times material hereto, Defendant was an employer within the meaning of Age Discrimination in Employment Act of 1967 (ADEA), as the Defendant employed more than twenty (20) employees.

78. Plaintiff is a fifty-one (51) year old female.

79. Throughout Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

80. At the time of her termination, Plaintiff was the oldest (51), most senior and experienced Foam Tech/CNC operator.

81. Plaintiff reported to Defendant the age discrimination and harassment by her younger co-worker and nothing was done.

82. Within a few months of having engaged in this protective activity, Plaintiff's employment with Defendant was terminated for actions that her younger counterparts were not when they did the same thing.

83. Plaintiff was also replaced by a younger less qualified individual.

84. Defendant violated the Age Discrimination in Employment Act (ADEA) by terminating Plaintiff's employment because of her age.

85. As a result of the wrongful and unlawful discriminatory actions that lead to her discharge from Defendant's employment, Defendant knew or substantially should have known that its actions were intended to discriminate against Plaintiff because of her age and therefore Plaintiff is entitled to liquidated damages.

86. Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action, and is entitled to recovery of reasonable attorney's fees and costs pursuant to Age Discrimination in Employment Act (ADEA).

87. Plaintiff further requests and is entitled to any and all other relief permitted under the Age Discrimination in Employment Act (ADEA), including equitable relief.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII and 42 U.S.C. § 1981;

b) Enjoining and permanently restraining those violations of Title VII and 42 U.S.C. § 1981;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities.

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other

lost benefits.

    e)    Awarding Plaintiff front pay in lieu of reinstatement;

    f)    Awarding Plaintiff compensatory damages;

    g)    Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

    h)    Granting such other and further equitable relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: May 12, 2022.    By: */s/ Clayton M. Connors*
    CLAYTON M. CONNORS
    Florida Bar No.: 0095553
    Email: cmc@westconlaw.com
    **THE LAW OFFICES OF**
    **CLAYTON M. CONNORS, PLLC.**
    4400 Bayou Blvd., Suite 32A
    Pensacola, Florida 32503
    Tel: (850) 473-0401
    Fax: (850) 473-1388
    *Attorney for the Plaintiff*